IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JEREMIE BROOKS**                                                                            **PLAINTIFF**
**ADC #660149**

v.                                    Case No. 3:20-cv-00372-KGB

**POINSETT COUNTY DETENTION**                                                **DEFENDANTS**
**CENTER,** *et al.*

## AMENDED ORDER[1]

Plaintiff Jeremie Brooks, who was an inmate at the Poinsett County Detention Center at the time, filed a *pro se* complaint under 42 U.S.C. § 1983 against the Poinsett County Detention Center, T Guard Bail Bonds, and the Trumann Police Department (Dkt. No. 2). He alleges he is being unlawfully detained (*Id.*). Before the Court is his motion for leave to proceed *in forma pauperis* (Dkt. No. 1).

### I.   *In Forma Pauperis* Application

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will

---

[1] In an Order entered February 2, 2021, the Court in error stated that the statutory filing fee was $402.00 instead of $350.00, and instructed the Administrator of the Poinsett County Detention Center, or his designee, or any future custodian, to collect from Mr. Brooks's institutional account $402.00 instead of $350.00 to pay the applicable filing fee. The applicable filing fee is $350.00 instead of $402.00 because the Court granted Mr. Brooks's motion to proceed *in forma pauperis* and he is not required to pay the $52.00 administrative fee. *See* 28 U.S.C. §§ 1914, 1915. With this Amended Order, the Court revises only the amount of the filing fee to be paid by Mr. Brooks.

be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997)).

Mr. Brooks has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 1). Accordingly, Mr. Brook's motion to proceed *in forma pauperis* is granted. Based on the information contained in Mr. Brooks's account information sheet, the Court will assess an initial partial filing fee of $1.66. After paying the initial filing fee, Mr. Brooks will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Mr. Brook's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

**II.     Background**

Mr. Brooks claims the Trumann Police Department and Poinsett County Detention Center are unlawfully detaining him on the false charge of failure to register as a sex offender (Dkt. No. 2 at 3).  According to Mr. Brooks, he in fact registered as a level two sex offender in Trumann, Arkansas, on March 7, 2020 (*Id*., at 3-4).  Mr. Brooks asserts T Guard Bail Bonds refuses to bond him out based on the nature of his charges (*Id*.).  Mr. Brooks seeks damages, among other relief, for the alleged violation of his rights (*Id*., at 6).

Public records show Mr. Brooks has been charged with failure to register as a sex offender, along with other charges.  *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Brooks*, 56CR-20-402.[2]  Mr. Brooks currently is awaiting trial on these charges.

**III.    Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b).  The *in forma pauperis* statute also imposes these standards for dismissal.  28 U.S.C. § 1915(e)(2)(B).

---

[2] The Court can take judicial notice the proceedings in Mr. Brooks's state case because the proceedings are directly related to his federal claims. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

**IV.     Discussion**

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id.* at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012). If these three elements are satisfied, the court should abstain unless it detects

4

"bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id.* at 779 (internal citation omitted).

The public docket confirms that state criminal proceedings against Mr. Brooks are ongoing in Poinsett County, Arkansas. *State v. Brooks*, 56CR-20-402. In his federal case, Mr. Brooks challenges the failure to register charge against him in his state criminal case. Arkansas clearly has an important interest in enforcing its criminal laws, and Mr. Brooks is able to raise any constitutional claims during his state proceedings. Further, Mr. Brooks does not allege, and his complaint does not otherwise indicate, extraordinary circumstances that would warrant federal intervention in the on-going state-court proceedings. Accordingly, *Younger* abstention is appropriate. Mr. Brooks seeks damages, among other relief (Dkt. No. 2, at 6). When a plaintiff seeks damages, his case should be stayed under *Younger* rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998). Accordingly, Mr. Brooks's case should be stayed and administratively terminated until the criminal charges against him have been fully resolved, including any appeal.

### III.    Conclusion

It is therefore ordered that:

1.    Mr. Brooks's motion for leave to proceed *in forma pauperis* is granted (Dkt. No. 1).

2. As Mr. Brooks's present custodian, the Administrator of the Poinsett County Detention Center, or his designee, or any future custodian, is directed to collect from Mr. Brooks's institutional account the $350.00 filing fee by collecting the initial partial filing fee of $1.66 and thereafter monthly payments equal to 20% of the preceding month's income credited to Mr. Brooks's account each time the amount in the account exceeds $10.00. The Administrator of the Poinsett County Detention Center or his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments also must be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this Order to the Administrator of the Poinsett County Detention Center, 1500 Justice Drive, Harrisburg, Arkansas 72401.

4. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Mr. Brooks's criminal charges.

5. This case is subject to reopening upon Mr. Brooks's filing of a motion to reopen the case after final disposition of his criminal charges.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 3rd day of February, 2021.

_____
Kristine G. Baker
United States District Judge